# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

CHERYL A. RIEL,

          **Plaintiff,**

     **v.**                                  **Case No. 19-cv-1301**

UNITED STATES OF AMERICA,

          **Defendant.**

---

## DECISION AND ORDER

---

We all know the saying, "look before you leap." This action presents the question of who is responsible for what happens if a person doesn't abide that admonition.

Plaintiff Cheryl Riel admittedly did not follow that advice, and as a result her foot was run over by a United States Postal truck. Riel brought this lawsuit under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), against defendant United States of America, alleging that her injuries were proximately caused by the negligence of the driver of the postal truck. All parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73(b). (ECF Nos. 4, 6.) The United States has moved for summary judgment. The motion is fully briefed and ready for resolution.

## 1. Facts

On February 16, 2018, Cheryl Riel was unloading groceries from the back of her sister's SUV as it was parked on Dakota Street in Milwaukee, Wisconsin. (ECF No. 22, ¶1.) The vehicle was parked on the south side of the street, facing east, near the intersection with South 43rd Street. (ECF No. 16, ¶ 2; ECF No. 18, ¶1.)

As she was unloading the groceries, Riel was standing next to her sister's SUV, in the street. (ECF No. 18, ¶ 1.) Like the SUV, Riel was also facing east. (*Id*.) Thus, the traffic in the lane nearest approached her from behind. (*Id*.) As a result, Riel could not see any traffic that would have been traveling east on the side of the street closest to her. (*Id*., ¶2.)

Alex Scheels was driving a United States Postal Service truck eastbound on Dakota Street. (ECF No. 22, ¶ 4.) He saw a red vehicle parked on his left and a green vehicle parked on his right. (Id., ¶ 5.) Both vehicles were parked in the same area of Dakota Street. (*Id*.) As he approached the two vehicles, Scheels saw a woman moving between the sidewalk and the trunk of the green SUV as well as children playing in the area. (*Id*., ¶ 7.)

At that moment, Riel decided to cross Dakota Street to her own car, which was parked on the north side of the street. (ECF No. 16, ¶ 4.) She did not check for oncoming traffic. (ECF No. 18, ¶ 3.) She put one foot into the street and was hit by the postal truck driven by Scheels. (*Id*., ¶ 4.) Her right foot was run over by the postal truck's tire. (*Id*., ¶

2

5.) The side mirror of the postal truck also struck Riel, knocking her to the ground. (*Id.*, ¶ 6.)

Scheels stopped, at which point his postal truck was next to the SUV. (ECF No. 18, ¶7.) Riel immediately went to the emergency room. (*Id.*, ¶ 9.) At the emergency room, she stated that the postal truck was "traveling at 5-10 mph." (*Id.*, ¶ 10.) An x-ray on her foot revealed no broken bones. (*Id.*, ¶ 11.) The emergency room physician diagnosed her with a contusion, told her to take over-the-counter painkillers, gave her a padded boot and crutches, and sent her home. (*Id.*)

Roughly two weeks after the traffic incident, on or about March 6, 2018, while wearing a protective boot, Riel slipped and fell when crossing the street. (ECF No. 18, ¶¶ 12-16.) She landed on her shoulder, suffering injuries that required surgery. (*Id.*, ¶ 17.)

## 2. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it "might affect the outcome of the suit" and a dispute is "genuine" only if a reasonable factfinder could return a verdict for the non-movant. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986). In resolving a motion for summary judgment, the court is to "construe all evidence and draw all reasonable inferences from the evidence in" favor of the non-

movant. *E.Y. v. United States*, 758 F.3d 861, 863 (7th Cir. 2014) (citing *Gil v. Reed*, 535 F.3d 551, 556 (7th Cir. 2008); *Del Raso v. United States*, 244 F.3d 567, 570 (7th Cir. 2001)). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and [in] opposition to the motion for summary judgment." *White v. City of Chi.*, 829 F.3d 837, 841 (7th Cir. 2016).

### 3. Analysis

"[T]he extent of the United States' liability under the FTCA is generally determined by reference to state law," *Molzof v. United States*, 502 U.S. 301, 305 (1992), and therefore the FTCA "incorporates the substantive law of the state where the tortious act or omission occurred." *Midwest Knitting Mills, Inc. v. United States*, 950 F.2d 1295, 1297 (7th Cir. 1991). Under Wisconsin law, a plaintiff may not recover for her injuries if (1) she was negligent, and (2) her negligence was greater than the negligence of the defendant. Wis. Stat. § 895.045(1).

A pedestrian "crossing a roadway at any point other than within a marked or unmarked crosswalk shall yield the right-of-way to all vehicles upon the roadway." Wis. Stat. § 346.25. Where a Wisconsin statute gives the right-of-way to a motorist and requires a pedestrian to yield, "[i]t has been consistently held that the duty of the pedestrian…is absolute…and that failure to yield the right of way constitutes causal negligence as a matter of law." *Field v. Vinograd*, 10 Wis. 2d 500, 505, 103 N.W.2d 671, 674

4

(1960) (citing *De Goey v. Hermsen*, 233 Wis. 69, 73, 288 N.W. 770, 772 (1939); *Bassil v. Fay*, 267 Wis. 265, 269, 64 N.W.2d 826, 828 (1954)).

The United States argues that Riel was a pedestrian who "walked into the street without checking for traffic, [and] is, as a matter of law, more than 50% responsible for her own injuries …." (ECF No. 15 at 4.)

In response, Riel contends that an issue of fact exists as to whether, at the time her foot was run over, she was a "pedestrian" within the meaning of Wisconsin Statute section 346.25. (ECF No. 17 at 4.) If she was not, then the United States' argument that she was as a matter of law more than 50 percent negligent is wrong. (*Id*. at 4-5) Alternatively, she argues that Wisconsin law disfavors summary judgment on negligence claims. (*Id*. at 5.)

Riel's argument that she was not a pedestrian is wrong legally and factually. Under Wisconsin law, a pedestrian is defined simply as "any person afoot" (as well as persons in wheelchairs and other personal assistive mobility devices). Wis. Stat. § 340.01(43). She was undoubtedly a "person afoot" when she stepped into the street.

Thus, her argument that she was not a pedestrian within the meaning of section 346.25, because she "was not intending to travel anywhere on foot as a pedestrian might" (ECF No. 17 at 4-5) is unavailing. The statute does not require an element of travel or locomotion of any sort.

5

Factually, Riel's argument is wrong because it is undisputed that she was "traveling" insofar as she was intending to cross the street when she stepped into the path of the postal truck. (ECF No. 16, ¶ 4.) The fact that she hadn't traveled far before she was hit does not change the fact that she had begun the process of crossing the street to go to her car. A person attempting to cross the street on foot is undoubtedly a pedestrian, and no reasonable finder of fact—which would be the court because Riel's action arises under the Federal Tort Claims Act, see 28 U.S.C. § 2402—could find otherwise.

It is undisputed that Riel was a pedestrian who, outside of a crosswalk, stepped into the path of a vehicle. Consequently, she was negligent as a matter of law. *Field v. Vinograd*, 10 Wis. 2d 500, 505, 103 N.W.2d 671, 674 (1960). The only remaining question is whether her negligence was greater than that of Scheels, thereby precluding recovery against the United States. *See* Wis. Stat. § 895.045(1).

The fact that Riel was a pedestrian outside of a crosswalk might not necessarily mean that she was more causally negligent than Scheels. *See Xiong v. Kulcinski*, 2009 WI App 174, ¶27, 322 Wis. 2d 573, 776 N.W.2d 287, 2009 Wisc. App. LEXIS 841 (unpublished). But the Wisconsin Supreme Court nonetheless "has, in a number of cases, held that a pedestrian, crossing a highway at other than a crosswalk, is, as a matter of law, at least 50 percent negligent in the event he is struck by a motor vehicle during the crossing." *Wicker v. Hadler*, 58 Wis. 2d 173, 179, 205 N.W.2d 770, 773 (1973).

Because Riel was negligent as a matter of law, she may recover only if Sheels was more negligent. Riel does not indicate how Scheels might have been at least fifty percent responsible. Rather, she argues that she did not have time to look before she stepped into the street to cross to her car. Setting aside the obviously faulty premise of her argument—she obviously could have looked up and noticed the truck a few feet away from her before she stepped into its path—this argument does not suggest negligence on Scheels' part. He was not was responsible for Riel purportedly not having enough time to look. He was not, for example, speeding. Even Riel acknowledged that Scheels was traveling only five to ten miles per hour. (ECF No. 18, ¶10.) He was going so slow, in fact, that when he stopped, he was still next to Riel's sister's SUV.

In sum, Riel was negligent as a matter of law. She was a pedestrian who, without looking, stepped into the path of a mail truck traveling between five and ten miles per hour. No reasonable finder of fact could conclude that Scheels was more responsible than Riel for any injuries she sustained as a result. Accordingly, the court must grant the United States' motion for summary judgment.

**IT IS THEREFORE ORDERED** that the United States' motion for summary judgment (ECF No. 14) is **granted**. Riel's complaint and this action are dismissed with

prejudice. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 11th day of March, 2021.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge